UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID L. SPEER, ) | |
|    Plaintiff, ) | |
| ) | Case No. 17-3069 |
| ) | |
| ADAMS COUNTY SHERIFF'S ) | |
| DEPARTMENT, et. al., ) | |
|    Defendants ) | |

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, claims his constitutional rights were violated by the Adams County Sheriff's Department, the Adams County Jail, Sheriff Brent Fisher, Jail Administrator Chad Downs, Police Officer John Doe, Nurse Michele Para, and Jail Officers Sam Smith, Tatum, Venverloth, O'Dear, Robbins, Wear, Cutfort and Boden.

Plaintiff says on June 29, 2015, a tractor loader struck him in the head. He was driving himself to the hospital when he was pulled over and arrested by Defendant Quincy City Police Officer John Doe. Plaintiff showed the officer the cut on his head and stated he needed immediate medical attention, but the officer took him directly to the Adams County Jail. Once in the jail, Plaintiff showed Defendant Officer Smith his

1

injury and told him he was in severe pain.  The Defendant ignored Plaintiff's request for medical care.

Plaintiff was housed in an area of the jail which did not have a kiosk available to submit a request for medical care.  Plaintiff says the only method to request medical care was to ask one of the correctional officers in his unit.  Plaintiff says for the next five days he made repeated requests for medical assistance to Defendant Officers Cutfort, Tatum, O'Dear, Venverloth, Robbins, Wear, and Boden, but his requests were ignored.  Consequently, Plaintiff says he remained in the same cell for five days suffering severe pain, bleeding and feeling "delusional." (Comp., p. 6).

Plaintiff was then moved to an area of the jail where he could submit a written request for medical care, but Defendant Nurse Para still did not provide any care.  Two days later, Plaintiff says he fell unconscious on the floor.  Defendants Venverloth and O'Dear "revived" him, but he still received no medical treatment.

Plaintiff says he was finally able to post bond and was released from custody on July 9, 2015.  Plaintiff then went to the hospital where a doctor diagnosed him with a "concussion, a broken artery in my brain and blood on the brain." (Comp., p. 7).  A neurologist told Plaintiff if he had come to the hospital immediately, they would have been able to drain the blood.  However, now doctors stated they needed to "remove my scalp and clean my brain." (Comp., p. 7).  Plaintiff says he refused the procedure, and still suffers with various problems due to his injury.

Plaintiff has adequately alleged Defendants Police Officer Doe, Smith, Cutfort, Tatum, O'Dear, Venverloth, Robbins, Wear, Para and Boden were deliberately

indifferent to his serious medical condition when they denied medical treatment for Plaintiff's head injury.  Plaintiff has not clearly stated an individual or official capacity claim against Defendants Adams County Sheriff's Department, Sheriff Brent Fisher, or Jail Administrator Chad Downs.  Plaintiff has not alleged any individual involvement of the Defendants, nor has he clearly alleged any policy or practice lead to a constitutional deprivation.  In addition, the Adams County Jail is not a proper Defendant in a lawsuit pursuant to 42 U.S.C. §1983. *See Powell v Cook County Jail,* 814 F. Supp 757, 758(N.D.Ill. 1993)(jail is not a "person" or legal entity). Therefore the Court will dismiss Defendants Adams County Sheriff's Department, Adams County Jail, Sheriff Fisher, and Administrator Downs.

Plaintiff is also reminded the Court cannot send service or summons to a "John Doe" Defendant.  The only John Doe identified in Plaintiff's complaint is the officer who arrested him.  This name should be available to the Plaintiff from his criminal case.  Therefore, Plaintiff must immediately provide the name if he wishes to pursue his claim against the police officer.  Failure to identify the Defendant and ultimately failure to serve the Defendant could lead to the dismissal of the Defendant Police Officer from this lawsuit.

Finally, Plaintiff has filed a motion for appointment of counsel.[5]  Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept pro bono appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).  Nonetheless, in considering Plaintiff's motion, the Court must ask two questions:

"(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff says he has written to two unidentified attorneys. The Court does not believe Plaintiff has demonstrated a reasonable attempt to find counsel on his own such as a copy of any letters sent or received or a list of attorneys contacted. Therefore, his motion is denied with leave to renew.[5]

IT IS THEREFORE ORDERED that:

    1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Police Officer Doe, Smith, Cutfort, Tatum, O'Dear, Venverloth, Robbins, Wear, Para and Boden were deliberately indifferent to his serious medical condition when they denied medical treatment for Plaintiff's head injury at the Adams County Jail from on June 29, 2015 to July 9, 2015. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as

4

premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) The Plaintiff is advised that he must identify the names of his Doe Defendants in order to effect service on them.  The Marshals cannot serve unidentified Defendants.  If the Plaintiff does not know the name of a Defendant, he must discover it by filing a discovery request upon the known Defendants after they have been served, or, if those Defendants do not provide an answer, a motion to compel with the Court.  Failure to timely identify and serve the Doe Defendants may result in their dismissal from the case.  *See* Fed. R. Civ. Proc. 4(m).

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Adams County Sheriff's Department, Adams County Jail, Sheriff Fisher, and Administrator Downs for failure to state a claim upon which relief can be granted. 2) Deny Plaintiff's motion for appointment of counsel with leave to renew, [5]; 3) Attempt service on Defendant pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 23rd day of May, 2017.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE